Dear Chief Judge Ramsey:
This office is in receipt of the request you made for an Opinion from the Attorney General concerning the scope of the legislature's authority to make a particular act effective and that act's effective date. Your concerns and the Attorney General's responses to those concerns are presented as follows:
 1. Does the legislature have the authority to make amendments to La.Rev.Stat. § 13:841.3, as provided in Act No. 621 of the Louisiana 2006 Regular Session, effective upon the signature of the governor or by expiration of the time for bills to become law if the governor does not sign the bill, while other sections become effective on january 1, 2009 and later.
This Department is of the opinion that the legislature had authority to make amendments to La.Rev.Stat. § 13:841.3, as provided in Act. No. 621 of the Louisiana 2006 Regular Session, effective upon the signature of the governor or by expiration of the time for bills to become law if the governor does not sign the bill, while other sections become effective on January 1, 2009 and later. *Page 2 
It is well-established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality.[1] Because a state statute is presumed constitutional, any party wishing to challenge the statute bears the burden of proving its unconstitutionality.[2] We are unaware of any judicial declaration affecting the presumed constitutionality of La.Rev.Stat. § 13:841.3. We therefore construe La.Rev.Stat. § 13:841.3 to have been validly passed pursuant to the legislature's authority to make law.
Art. III, § 18(A) of the Louisiana Constitution of 1974 pertinently provides:
 If the governor does not approve a bill, he may veto it. A bill, except a joint resolution, shall become law if the governor signs it or if he fails to sign or veto it within ten days after delivery to him if the legislature is in session on the tenth day after such delivery, or within twenty days after delivery if the tenth day after delivery occurs after the legislature is adjourned.[3]
And Art. III, § 19 of the Louisiana Constitution of 1974 then pertinently provides:
 All laws enacted during a regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held and all laws enacted during an extraordinary session of the legislature shall take effect on the sixteenth day after final adjournment of the extraordinary session in which they were enacted. All laws shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date.[4]
Consequently, the legislature had the authority to make § 841.3 of Act. No. 621, Senate Bill 645 of the Louisiana 2006 Regular Session (codified at La.Rev.Stat. § 13:841.3) effective upon the signature of the governor or by expiration of the time for bills to become law if the governor does not sign the bill while other sections become effective on January 1, 2009 and later. *Page 3 
 2. If the legislature does have authority to do so, is the effectivedate of th amendment to l.a. rev. stat. § 13:841.3, as provided in actno. 621 of th Louisiana 2006 Regular Session, the day it was signed bythe governor or the date the clerk becomes the clerk of the forty-fIrstjudicial district?
In light of our answer to your first question, the effective date of La.Rev.Stat. § 13:841.3, as provided in Act No. 621 of the Louisiana 2006 Regular Session, is the day upon which Governor Blanco signed the bill into law.[5] *Page 4 
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 __________________________
 DAVID A. YOUNG
 Assistant Attorney General
 JDC:DAY *Page 1 
 ATTACHMENT
LSA-R.S. 13:841.3
West's Louisiana Statutes Annotated Currentness
Louisiana Revised Statutes
Title 13. Courts and Judicial Procedure (Refs Annos)
Chapter 4. District Courts-Orleans Parish Excepted (Refs Annos)
• Part IV. Clerks
• Subpart C. Fees (Refs Annos)
 § 8413. Fees; clerk for the Forty-First Judicial District;collection
The clerk of the Forty-First Judicial District Court shall collect the fees set forth in R.S. 13:1213.1 and shall deposit no less than sixty percent of the amounts collected in the Clerk's Operational Fund. The remaining funds shall be deposited in the Consolidated Judicial Expense Fund.
CREDIT(S)
Added by Acts 2006, No. 621, § 2, eff. June 23, 2006.
PARISH OF ORLEANS COURT CONSOLIDATION; DATE EFFECTIVE-ACTS 2006, NO. 621
 Acts 2006, No. 621 (§ 2 of which enacted this section) consolidates the courts and certain officers of the parish of Orleans. See the text of Act 621 preceding Chapter I of R.S. Title 13 (preceding R.S. 13:1).
 Sections 21, 24, and 30 of Acts 2006, No. 621
provided:
 "Section 21. (A) This Section, Sections 5 through 20, of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If this Act is vetoed by the governor and subsequently approved by the legislature, the provisions of this Section, Sections 5 through 20, of this Act shall become effective on the day following such approval.
 "(B) For purposes of qualification and election of one clerk of the Forty-First Judicial District Court as provided therein, the provisions of R.S. 13:751.1
(A)(1) as enacted by Section 2 of this Act and the provisions of Section 19 of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, such provisions shall become effective on the day following such approval. The provisions of R.S. 13:751.1(A)(2), 751.2, 751.3, 759, 841.3, 846(A), and 901 of Section 2 of this Act shall become effective for all purposes when the clerk of court elected in 2010 takes office.
 "(C) Section 2 of this Act shall become effective on January 1, 2009."
 "Section 24. All fees and costs assessed or collected by the clerk of the Civil District Court, clerk of the Criminal District Court, the civil sheriff, or the criminal sheriff for the parish of Orleans in effect on the effective date of this Section are continued and shall be assessed and collected in accordance with the *Page 2 
provisions of law then in effect."
 "Section 30. The provisions of R.S. 13:751.4 and 841.3 of Section 2 of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. Until a single clerk for the Forty-First Judicial District Court is elected, the clerk shall mean the clerk of the Civil District Court and the clerk of the Criminal District Court. All fees and costs assessed or collected by the clerk of the Civil District Court or the clerk of the Criminal District Court for the parish of Orleans in effect on the effective date of this Section are continued and shall be assessed and collected in accordance with these provisions. On or after January 1, 2009, the sixty percent in R.S. 13:841.3 may be renegotiated by the clerk and chief judge of the Forty-First Judicial District Court, but shall not be reduced below fifty percent of the civil filing fees collected by the clerk."
 Acts 2006, No. 621 was approved by the governor on June 23, 2006. Section 24 of Act 621 became effective on that date
LSA-R.S. 13:841.3, LA R.S. 13:841.3
Current through all 2006 First Extraordinary, Regular and Second Extraordinary Session Acts
© 2007 Thomson/West
END OF DOCUMENT
[1] Moore v. RLCC Technologies, Inc., 95-2621 (La. 2/28/96),668 So.2d 1135; Faul v. Trahan, 1998-488 (La.App. 3 Cir. 10/7/98)718 So.2d 1081, 1087.
[2] State v. Brenan, 1999-2291 (La. 5/16/00) 772 So.2d 64, 67.
[3] LA. CONST. art. III, § 18.
[4] La. CONST. art. III, § 19.
[5] A copy of La.Rev.Stat. § 13:841.3 is attached hereto.